

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2005

# USA v. Rivera

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3097

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Rivera" (2005). *2005 Decisions*. Paper 1394.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1394

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3097
_____

UNITED STATES OF AMERICA;

v.

DANIEL RIVERA,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00553)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2004

Before:  SCIRICA, *Chief Judge*, FISHER and ALDISERT, *Circuit Judges*.

(Filed:  April 5, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), appointed counsel for the

Appellant Daniel Rivera originally filed a motion to withdraw from representation and an

*Anders* brief, concluding, *inter alia*, that the sentence imposed on Appellant by the

District Court was legal. The appeal was held C.A.V. pending *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005), and Appellant's counsel subsequently informed us by letter dated February 22, 2005, that Appellant now challenges his sentence under *Booker*. We interpret this letter to withdraw counsel's earlier filed motion to withdraw from representation, and accordingly do not address whether the *Anders* brief previously submitted met the *Anders* standard.[1]

Having determined that the sentencing issues Appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.

---

[1]We note, however, some dissatisfaction with the fact that the *Anders* brief failed to even acknowledge the U.S.S.G § 3B1.2 issue, which was clearly important at sentencing and which formed the basis for the informal brief submitted by Appellant after the *Anders* brief was filed.